UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BILL CANNON,

                      Plaintiff,

- against -

HAPPENINGS MEDIA, LLC

                      Defendant.

Docket No. _____

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff Bill Cannon ("Cannon" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Happenings Media, LLC ("Happenings" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of the rock tunnel on Kelly Drive in Philadelphia, Pennsylvania owned and registered by Cannon, a Pennsylvania based photojournalist. Accordingly, Cannon seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant does business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Cannon is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 777 West Germantown Pike, #1022, Plymouth Meeting, Pennsylvania, 19462. Cannon's photographs have appeared in many publications around the United States.

6. Upon information and belief, Happenings is a limited liability corporation duly organized and existing under the laws of the State of Pennsylvania, with a place of business at 331 East Street Road, Trevose, Pennsylvania, 19053. At all times material hereto, Happenings has owned and operated a website at the URL: www.philly.happeningmag.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7. In 2012 Cannon photographed the rock tunnel on Kelly Drive in Philadelphia, Pennsylvania (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Cannon then published the Photograph on Fine Art America. Cannon's name was featured in a gutter credit identifying him as the photographer of the Photograph.

9. Cannon is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph has a pending US Copyright Registration Number of 1-3834681859. See Exhibit B.

**B.     Defendant's Infringing Activities**

11.     Upon information and belief, Happenings ran an article on the Website entitled *Inside Scoop on Fall Road Closures in Philly*. See http://philly.happeningmag.com/fall-road-closures-in-philly. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12.     Happenings did not license the Photograph from Plaintiff for its article, nor did Happenings have Plaintiff's permission or consent to publish the Photograph on its Website.

13.     Upon information and belief, Happenings removed Cannon's gutter credit and did not attribute the Photograph to anyone.

<u>**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST HAPPENINGS)**</u>
**(17 U.S.C. §§ 106, 501)**

14.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15.     Happenings infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Happenings is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17.     Upon information and belief, the foregoing acts of infringement by Happenings have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST HAPPENINGS
## (17 U.S.C. § 1202)

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

21.     When the Photograph was published on Fine Art America, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

22.     Upon information and belief, in its article on the Website, Happenings intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23.     The conduct of Happenings violates 17 U.S.C. § 1202(b).

24.     Upon information and belief, Happenings' falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Happenings intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in

the Photograph. Happenings also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

26. As a result of the wrongful conduct of Happenings as alleged herein, Plaintiff is entitled to recover from Happenings the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Happenings because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Happenings statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Happenings be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Happenings be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either:
a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
July 25, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Bill Cannon*